REGAN, Judge.
Plaintiff, Robert T. Neal, the owner and operator of a 1954 Chevrolet sedan instituted this suit against the defendants, Leo Levesque, the owner and operator of a 1956 Studebaker station wagon, and his insurer the Calvert Fire Insurance Company, endeavoring to recover the sum of $262.24, representing property damage incurred by his vehicle as a result of a collision which occurred between the aforementioned vehicles on May 5, 1956, at 8 P. M., approximately 40 feet east of the intersection of Chef Menteur Highway and Paris Road.
Defendant, Calvert Fire Insurance Company, pleaded the exceptions of no right or cause of action predicated upon the fact that it is only the collision and not the public liability insurer of the Levesque vehicle. These exceptions were in effect ultimately sustained,[1] and the defendants then answered and denied that Levesque was guilty of any negligence in the premises and in the alternative pleaded the contributory negligence of the plaintiff. Defendants also reconvened asserting that they were entitled to recover the combined sum of $558.-99, representing property damage incurred by the Levesque vehicle as a result of the collision.
From a judgment in favor of plaintiff against defendant Levesque in the amount of $262.24, and dismissing the defendants’ reconventional demand, they have prosecuted this appeal.
The record, as usual, is embellished with irreconcilable disputations and reveals two versions of the accident, which are fundamentally antagonistic to each other. There were only three eyewitnesses to the accident: the plaintiff, Mrs. Louis Neal, his daughter-in-law, and the defendant, Leo Levesque.
The Chef Menteur Highway is a broad thoroughfare consisting, at the point where the accident occurred, of two roadways separated by a wide neutral ground, with each roadway containing two lanes. Paris Road is a two-way street running north and south, or from the lake to the river, which crosses the Chef Menteur Highway.
Plaintiff contends that he was operating his vehicle in Paris Road, moving from the lake toward the river. He stopped when he reached the intersection of Chef Menteur Highway and Paris Road in obedience to a stop sign. He then drove across the west, or inbound portion of the roadway, and then came to a stop in the neutral ground area thereof; to his right he ob *844 served the defendant’s vehicle approaching from about 1000 to 1500 feet away moving at a speed of between 60 and 65 miles per hour; believing that it was safe, he then executed a left turn into the left lane of the east, or outbound, roadway and drove approximately 40 feet from the intersection at which point the left rear of his vehicle was struck by the right front of the defendant’s vehicle. In consequence of the impact, plaintiff’s car was driven into a swamp on the right side of the road approximately 150 feet removed from the situs of the accident.
Plaintiff’s daughter-in-law appeared as a witness on his behalf and in substance corroborated the validity of the foregoing testimony.
Defendant, Leo Levesque, testified that he was driving in the left lane of the outbound roadway of the Chef Menteur Highway moving in an easterly direction, or toward Chef Menteur, at a speed of approximately 40 to 45 miles per hour. He asserted that he initially observed plaintiff’s vehicle as it traversed the inbound roadway of the highway, at which time he was about 150 feet removed from the intersection; that when he had moved to within 50 feet of the intersection the plaintiff emerged from the neutral ground area and executed a left turn into the left lane of the highway directly in the path of his vehicle. Defendant stated that despite his efforts to avoid the accident, the collision occurred 15 feet from the intersection.
A police officer who investigated the accident appeared as a witness on behalf of the defendants, but his testimony, in our opinion, failed to enlighten the Court.
All of the witnesses who appeared herein during the course of the trial below agreed that both automobiles were moving in an easterly direction in the left lane of the Chef Menteur Highway and had completely cleared the intersection of Paris Road when the accident occurred.
We have made a careful analysis of the record and are convinced that the proximate or dominant cause of the accident was the negligence of the defendant, Levesque, in simply failing to observe that which he should have seen, that is, plaintiff’s car which had entered and was moving in the highway ahead of him. Plaintiff had completed the execution of a left turn and was driving in an easterly direction in the left lane of the highway when, as we have said hereinabove, the front of defendant’s vehicle collided with the rear of plaintiff’s vehicle.
Even if we should assume arguendo that the plaintiff was guilty of primary negligence, which the record fails to establish, then we are of the opinion that the defendant possessed the last clear chance of avoiding the collision. He testified that he observed plaintiff crossing the inbound roadway of the highway when he was approximately 150 feet from the intersection moving at a speed of about 40 to 45 miles per hour, and he was therefore afforded both the time and distance in which to move his vehicle over into the right lane of the highway and thus safely pass the plaintiff and avoid the accident.
The record, as we have indicated hereinabove, does not reflect a preponderance of evidence which would tend to prove that plaintiff was guilty of contributory negligence.
Counsel for both litigants concede that only a question of fact was posed on appeal, which the trial judge' obviously resolved in favor of the plaintiff. Our evaluation of the testimony contained in the record fails to disclose any reason, factual or otherwise, which would cause us to believe that the judgment of the trial court was incorrect.
By stipulation of respective counsel, it was agreed that the property damages incurred to plaintiff’s vehicle by virtue of the accident was $262.24.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. By virtue of a stipulation between the respective litigants and a corrected judgment.